IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CITY OF WINFIELD, KANSAS**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 11-1358-CM-KGS |
| ) | |
| **KEY EQUIPMENT & SUPPLY COMPANY,**) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff City of Winfield ("the City") originally filed this action in the district court of Cowley County, Kansas. It seeks to recover for fire damage to its Elgin Crosswind Street Sweeper ("sweeper"), which it purchased from defendant Key Equipment & Supply Company ("Key Equipment"), and which was manufactured by defendants Elgin Sweeper Company ("Elgin") and Daimler Trucks, North America, LLC ("Daimler"). Defendants jointly removed the action based on diversity. Elgin has filed cross-claims against Daimler for breach of implied and express warranties. (Doc. 35.) The case is before the court on defendant Daimler's motion to dismiss plaintiff's complaint against it (Doc. 14). For the reasons that follow, the court grants the motion in part and denies it in part.

**I.   Factual Background**

The City purchased its sweeper from Key Equipment in May 2009. Plaintiff was using the sweeper in the normal course of business when the sweeper suddenly and unexpectedly caught fire and was totally destroyed. At the time of the fire, the sweeper was only a few months old and had

only 3,800 miles listed on it.  The City asserts that the fire was caused by a defect in the sweeper.  It claims breach of express and implied warranties, and seeks damages in the amount of $184,543.95 for the sweeper.

Elgin asserts that Daimler manufactured the chassis on which the sweeper was mounted, and that it was the chassis that was defective.

In the instant motion, Daimler asserts that the City cannot proceed against it on either a product liability tort claim, which is barred by the economic loss doctrine, or a contract-based claim, because plaintiff failed to plead privity of contract with defendant Daimler.

**II.     Judgment Standard**

In reviewing a Rule 12(b)(6) motion to dismiss, the court assumes as true all well-pleaded facts, and construes any reasonable inferences from these facts in favor of plaintiff.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the factual allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

**III.    Analysis**

    **A.     Economic Loss Doctrine**

The economic loss doctrine is "based on the premise that 'contract law and the law of warranty, in particular, is better suited than tort law for dealing with purely economic losses in the commercial arena.'"  Kevin Breer and Justin Pulikkan, *The Economic Loss Rule in Kansas and its*

*Impact on Construction Cases*, 74 J. Kan. Bar Ass'n, 6, 31 (2005) (quoting *Daanen & Janssen Inc. v. Cedar Rapids Inc.*, 573 V.W.2d 842, 846 (Wisc. 1998)). Under this rule, a plaintiff who has suffered only economic losses may not recover from a defendant on a tort theory of strict liability or negligence. In other words, where plaintiff has suffered no personal injuries or damage to other property, a cause of action based upon tort does not exist. *Prof'l Lens Plan Inc. v. Polaris Leasing Corp.*, 675 P.2d 887, 898–99 (1984); *see also Gonzales v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1243 (D. Kan. 2007). Kansas has adopted the doctrine, and has consistently applied it in the context of product liability claims. *See*, *e.g.*, *Koss Constr. v. Caterpillar, Inc.*, 960 P.2d 255, 260 (Kan. Ct. App. 1998); *see also David v. Hett*, 270 P.3d 1102, 1109–11 (Kan. 2011) (discussing the development of the economic loss doctrine in Kansas).

Plaintiff does not dispute that the economic loss doctrine might bar a negligence or strict liability claim for purely economic loss. Plaintiff argues, however, that its claims are contract-based, and the doctrine has no applicability. Specifically, plaintiff claims breach of implied and express warranties. Defendant Daimler maintains that, although the pleadings are styled as contract claims, plaintiff actually pleads a product liability claim based on defect, governed by the Kansas Product Liability Act ("KPLA"). The court disagrees with defendant.

The KPLA applies to product liability claims involving personal injury, with the purpose of merging all legal theories of product liability into one single product liability claim. Kan. Stat. Ann. § 60-3302; *see Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1163 (D. Kan. 2004) (citing *Fennesy v. LBI Mgmt., Inc.*, 847 P.2d 1350, 1355 (Kan. Ct. App. 1993) (also holding that a KCPA claim does not merge with KPLA claim)). It expressly does not apply to claims in which the only harm alleged is that of economic loss. Kan. Stat. Ann. § 60-3302(d); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1076 (D. Kan. 2004); *see also Nw. Ark. Masonry, Inc. v. Summit*

*Specialty Prods., Inc.*, 31 P.3d 982 (Kan. Ct. App. 2001), *rev. denied* (holding "economic loss," as used in the KPLA, includes damages for inadequate value, costs of repair, replacement costs, and loss of use of the defective product). Here, plaintiff only alleges economic loss.

The question defendant next presents is whether plaintiff's warranty claims are sufficiently pleaded, and whether the privity of contract requirement bars the claims.

### B. Breach of Express and Implied Warranty Claims Barred for Failure to Plead Privity

Defendant argues that plaintiff fails to allege any contractual relationship with defendant Daimler; plaintiff was not the original purchaser of the product from Daimler; therefore plaintiff is not a "buyer" under Kan. Stat. Ann. § 84-2-313 of the Uniform Commercial Code ("U.C.C.") as to defendant Daimler, and therefore no breach of express warranty is available. Defendant argues that plaintiff's implied warranty claim is likewise barred by the lack of privity of contract, as the Kansas Supreme Court's opinion in *Professional Lens Plan* dictates. Specifically, defendant asserts "there are no facts pleading the existence of a contract between Plaintiff and [Daimler] . . . no facts stating what was allegedly . . . warranted, how it was warranted, when it was warranted and what the warranty pertains to." (Doc. 15 at 14.) Absent such facts, plaintiff fails to meet the pleading standards of Rules 8 and 12.

Rule 8(a) requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of this rule is to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007). Rule 12(b)(6) provides a vehicle for a party to challenge the legal sufficiency of a claim. To survive a motion to dismiss under Rule 12(b)(6), plaintiff's factual allegations must state a claim that is plausible on its face.

Plaintiff's complaint is brief and lacks detail. It alleges that the loss of the sweeper was a result of defects; the defects were defendants' responsibility; the defects constitute breaches of express and implied warranties; and each defendant breached the applicable warranties conveyed to the City as part of the purchase of the sweeper.

### *Implied Warranty*

The court concludes that plaintiff cannot proceed on a breach of implied warranty against defendant Daimler under Kansas law, based on the facts alleged. The complaint does not allege direct privity of contract between plaintiffs and defendant Daimler. Under Kansas law, an implied warranty of merchantability arises by operation of law under Article II of the UCC, which "sets limits on who may assert breach of implied warranty claims."[1] *Limestone Farms, Inc. v. Deere & Co.*, 29 P.3d 457, 461 (Kan. Ct. App. 2001). Where a plaintiff complains of personal injury, privity is not required. *Prof'l Lens Plan, Inc.*, 675 P.2d at 897. The Kansas Supreme Court has stated, however, that the implied warranty of merchantability "[is] not extended to a remote seller or manufacturer of an allegedly defective product, which is not inherently dangerous, for only economic loss suffered by a buyer who is not in contractual privity with the remote seller or manufacturer." *Id.* at 898–99. There is no allegation that the sweeper is an inherently dangerous product. And plaintiff has not alleged—and cannot allege—that it falls under the exception created by the Kansas Consumer Protection Act ("KCPA"). *See Gonzalez*, 489 F. Supp. 2d at 1243; *see also* Kan. Stat. Ann. § 50-624(b) (defining consumer as "an individual, husband and wife, sole proprietor, or family

---

[1] Section 84-2-318 of the U.C.C. defines the scope of warranty protection under the U.C.C. as follows: "A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods *and who is injured in person* by breach of the warranty. A seller may not exclude or limit the operation of this section." (emphasis added.)

partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes). Therefore, to the extent plaintiff raises implied warranty claims against defendant Daimler, those claims are dismissed.

**Express Warranty**

Although absence of privity bars plaintiff from recovering under a theory of implied warranty, it does not necessarily preclude recovery under an express warranty theory. *See Olathe Mfg., Inc., v. Browning Mfg.*, 915 P.2d 86 (Kan. 1996) (holding remedy limitation contained in manufacturer's catalog did not apply to buyer where catalog did not include particular product in question; there was no evidence that buyer relied on the catalog or was aware of its remedy limitation; and manufacturer's literature concerning product at issue did not refer to catalog and its limitation; however, where jury found that buyer received its own independent express warranty from manufacturer, manufacturer could not argue that buyer was merely third-party beneficiary of contract between manufacturer and distributor and thus was limited to remedies available to distributor); *Cricket Alley Corp. v. Data Terminal Sys.*, 732 P.2d 719, 722–25 (Kan. 1987) (noting that buyer may raise breach of express warranty claim against remote manufacturer where there is evidence that manufacturer made an express warranty—even an advertisement can become an express warranty; citing comments to Kan. Stat. Ann. § 84-2-313); *Scheuler v. Aamco Transmissions, Inc.*, 571 P.2d 48, 51 (Kan. Ct. App. 1977) (holding that advertising may be the basis of or form a part of an express warranty, and lack of privity between a buyer and a manufacturer who advertises is no hurdle).

In order to survive a motion to dismiss, however, plaintiff must plead facts sufficient to establish that an express warranty from defendant Daimler exists. Even construed in a light favorable to plaintiff, the complaint is deficient in this regard.

However, in response to the instant motion, plaintiff asserts that it "reasonably believes Daimler was required in its contract with Elgin to give a warranty to Elgin and the ultimate buyer of the chassis a warranty that the chassis 'shall be of merchantable quality, free of defects, latent or patent, in design, material and workmanship, and fit for intended purposes' and that the warranty 'shall be for the benefit of [Elgin's] customer and shall extend to one year after application of the item to its intended use.'" (Doc. 22 at 4.) In support, plaintiff attaches documents but notes that discovery is necessary regarding these facts. Plaintiff also contends that Daimler, along with Elgin and Key Equipment, participated in an inspection of the sweeper one week after the fire loss. All parties were accompanied by representatives and experts. Both Elgin and the City advised Daimler that "the cause, source and origin of the fire was confined to chassis components supplied" by Daimler. (Doc. 22 at 4–5.)

Although plaintiff has not formally sought leave to amend in accord with the procedures set forth in Local Rule 15.1(a), plaintiff requests leave to add these allegations, set out in paragraphs 9 and 10 of its response, to its complaint. The court believes that, with the addition of the allegations contained in plaintiff's response, plaintiff's breach of express warranty claim should survive defendant Daimler's motion to dismiss. Whether the alleged warranty is legally sufficient to carry plaintiff's claim requires facts to be developed through discovery. Plaintiff is directed to file an amended complaint within 14 days of the date of this order.

**IT IS THEREFORE ORDERED** that (Doc. 14) is granted in part and denied in part. Plaintiff is directed to file an amended complaint within 14 days of the date of this order.

Dated this 11th day of April, 2012, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**