**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CITY OF WINFIELD, KANSAS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 11-1358-CM |
| ) | |
| **KEY EQUIPMENT & SUPPLY CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This is an express and implied warranty case between the purchaser of a street sweeper and the distributor and manufacturers of the street sweeper, after the sweeper was damaged in a fire. Plaintiff City of Winfield ("the City") seeks to recover for fire damage to its Elgin Crosswind Street Sweeper ("sweeper"), which it purchased from defendant Key Equipment & Supply Company ("Key Equipment"), and which was manufactured by defendants Elgin Sweeper Company ("Elgin") and Daimler Trucks, North America, LLC ("Daimler"). Plaintiff Employers Mutual Casualty Company is the insurance carrier for the City, and claims a subrogation interest. The matter is before the court on defendant Elgin's motion for summary judgment (Doc. 77) and plaintiffs' motion for partial summary judgment (Doc. 96) against all three defendants. For the reasons stated below, the court grants defendant Elgin's motion in part and grants plaintiffs' motion.

The City purchased a sweeper from Key Equipment on May 26, 2009. The sweeper was manufactured by Elgin and was mounted on a 2009 Freightliner/Daimler M2 truck chassis ("chassis") manufactured by Daimler. Elgin integrated the Daimler chassis into Elgin's sweeper. Post manufacture and sale by Daimler, Elgin installed a centerboard underneath the sweeper.

In connection with the sweeper purchase, the City received Elgin's Limited Warranty and Daimler's New Vehicle Limited Warranty. On November 5, 2009, the sweeper caught fire. The parties agree that the part of the sweeper that failed to perform as it should is the chassis. However, the parties disagree on whether the cause of the loss is limited to the chassis alone or could be due to improper modification of the sweeper/chassis by Elgin during the installation process.

Summary judgment is appropriate "when there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (outlining summary judgment burden). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita*, 475 U.S. at 587).

I. **Elgin's Motion for Summary Judgment (Doc. 77)**

   A. **Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose**

Elgin first requests summary judgment on plaintiffs' claims for breach of implied warranties of merchantability and fitness for a particular purpose. Elgin claims that it has properly disclaimed these implied warranties and that plaintiffs' implied warranty claim is thus barred. Plaintiffs' response does not substantively address whether summary judgment is appropriate in Elgin's favor on the breach of implied warranties claim. Plaintiffs do mention Elgin's claim that Elgin disclaimed any implied warranties. Plaintiffs merely state, however, that "[w]hile this disclaimer exists, it does not release Elgin from its obligation to pay for the loss under the terms of its express warranty." (Doc. 83 at 1.)

Kansas law permits the disclaimer of implied warranties. K.S.A. § 84-2-316. To disclaim the implied warranty of merchantability, the Kansas Uniform Commercial Code ("Kansas UCC") requires that the language must mention merchantability and must be done in a conspicuous manner. K.S.A. §

84-2-316(2). To disclaim an implied warranty of fitness, "the exclusion must be by a writing and conspicuous." *Id*. Further, "language to exclude all implied warranties of fitness is sufficient if it states, for example, that '[t]here are no warranties which extend beyond the description of the face hereof.'" *Id*.

"Conspicuous" is defined under the Kansas UCC as "a term . . . so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." K.S.A. § 84-1-201(10). The definition notes that conspicuous terms include:

> (A) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and
>
> (B) language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

*Id*.

Elgin's limited warranty includes the following disclaimer:

> TO THE EXTENT LIMITED BY LAW, THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

(Doc. 78 at 2.)

Elgin cites the case of *J & W Equipment, Inc. v. Weingartner*, 618 P.2d 862, 864 (Kan. Ct. App. 1980), which upheld a similar disclaimer as valid. The language used in *J & W Equipment* included the following:

> SELLER MAKES NO RESPRESENTATIONS OR WARRANTIES EXPRESS OR IMPLIED (INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS) EXCEPT AS PROVIDED ON THE REVERSE SIDE.

618 P.2d at 864.

In finding the disclaimer was "sufficiently conspicuous," the court noted that the disclaimer used capital letters, utilized a contrasting type to the typefaces surrounding it, and was distinctive and drew the reader's attention to it. *Id*. at 866. Further, the court found there was "no question that the disclaimer precisely complies" with K.S.A. § 84-2-316(2) because it specifically mentioned "merchantability." *Id*.

Here, Elgin's disclaimer is also sufficiently conspicuous and complies with K.S.A. § 84-2-316, as it uses all capital letters, draws the reader's attention to it, and specifically mentions "merchantability." As is stated above, plaintiffs did not respond to the portion of Elgin's motion regarding plaintiffs' claim for breach of implied warranties. Although it is unclear whether plaintiffs concede that Elgin is entitled to summary judgment on this claim, Elgin has nevertheless shown that no genuine issue of material fact exists as to this claim and that it is entitled to judgment as a matter of law. Elgin's motion for summary judgment on plaintiffs' breach of implied warranties of merchantability and fitness for a particular purpose is granted.

### B. Breach of Express Warranty

Elgin also argues it is entitled to summary judgment on plaintiffs' express warranty claim. Elgin notes that it made no express warranty with respect to the chassis manufactured by Daimler. However, Elgin admits that it made a limited warranty on the sweeper. Elgin's limited warranty states that each sweeper "is warranted against defects in material and workmanship . . . ." (Doc. 78 at 2.) This is an express warranty under K.S.A. § 84-2-313.

It is undisputed that Elgin's limited warranty expressly excluded coverage for all major components, specifically including "trucks," that have a separate warranty from the original manufacturer. Elgin contends, however, that Daimler manufactured and expressly warranted the truck chassis, and that plaintiffs admit that the chassis was the lone source of the fire. In response, plaintiffs

-4-

agree that the chassis did not perform as it should; however, plaintiffs claim there is an issue of fact with regard to the specific cause of the loss.

To support this contention, plaintiffs cite to the deposition of Daimler's witness, Steve Flammersfeld, who testified about his concern that Elgin improperly modified the sweeper/ chassis during the installation process, and his concern that Elgin's improper installation of the centerboard could lead to chaffing between the chassis's cable lines and cause a fire. However, Mr. Flammersfeld could not—as Elgin points out—make a firm determination that the fire in this case was caused by improper modification. Instead, he said he did not know exactly what caused the fire. Mr. Flammersfeld did state that the centerboard is a "point of concern" because it could come into contact with the transmission lines on the chassis, however. Plaintiffs also cite to the deposition of Thomas Fox, Elgin's witness, who testified that Mr. Flammersfeld told him that the centerboard installed by Elgin could have been part of the problem. Mr. Fox did not agree with Mr. Flammersfeld's conclusion.

Although the evidence put forth by plaintiffs on the specific cause of the fire is not overwhelmingly strong, plaintiffs survive summary judgment on this issue. If the specific cause of the fire was, in fact, due to improper modification or installation of the sweeper by Elgin, Elgin's limited warranty may apply. Plaintiffs cite testimony showing concern that improper modification could have caused the fire. Thus, plaintiffs have shown that a genuine issue of material fact exists and that defendant is not entitled to judgment as a matter of law on this issue.

The court addresses one additional argument of plaintiffs' in the interest of judicial economy and in order to narrow the issues for trial. Plaintiffs argue that because Daimler's warranty may not apply to all of the damage, Elgin's limited warranty must provide coverage. It appears that plaintiffs argue this is the case even if the source of the fire is determined to be the chassis, and not due to

improper modification or installation of the sweeper by Elgin.  Elgin's limited warranty applies only to defects in material and workmanship of the sweeper, and it does not apply to major component parts, such as trucks (or a chassis) that have a separate warranty by the original manufacturer.  Plaintiffs argue that Elgin's limited warranty is limited only to the extent another component's warranty may apply, and that because Daimler's warranty does not apply to the entire loss, Elgin is still responsible for some or all of the damages.

Plaintiffs put forth two arguments to support this contention: (1) that Daimler's warranty does not cover any of Elgin's modifications or installations, so if the fire was caused by such modifications, then Daimler's warranty does not apply and Elgin's does; and (2) that even if the defect properly belongs to Daimler, Daimler's warranty only covers repair or replacement costs of the chassis itself.  Thus, because the defect caused the loss of more than the chassis and the entire sweeper was destroyed, plaintiffs argue that Elgin should cover any remaining costs.

To the extent that plaintiffs, by stating in their second argument that "even if the defect properly belongs to Daimler," argue that Elgin's warranty applies even absent improper modification or installation by Elgin, and even if the cause of the loss is found to belong solely to Daimler, the court disagrees.  Elgin's limited warranty specifically excludes major components including trucks and parts that have a separate warranty by the original manufacturer—Daimler in this case.  Damage to the sweeper—if caused solely by a defect in the Daimler chassis—does not constitute a defect in the sweeper that would trigger Elgin's limited warranty coverage.  If the source of the fire belongs solely to Daimler and was not caused by improper modification or installation of the sweeper by Elgin, then Elgin's limited warranty does not apply because Elgin has made no express warranty regarding the chassis.  *See Stair v. Gaylord*, 659 P.2d 178, 184 (Kan. 1983) (finding that assembler made no express warranty regarding a defective hose in an irrigation system because the assembler's

limited warranty stated that "[c]omponents manufactured by others than [assembler] have no warranty except that given by the original manufacturer.")

Although it is not entirely clear to the court whether this is plaintiffs' argument, the fact that plaintiff's first argument addresses the possibility of the fire being caused by improper modifications or installation by Elgin leads the court to conclude that plaintiffs' second argument addresses the opposite situation—where there is no improper modification or installation by Elgin.  Again, to the extent this is plaintiffs' argument, the court disagrees and plaintiffs' second argument fails.

**II.  Plaintiffs' Motion for Partial Summary Judgment (Doc. 96)**

All three defendants assert affirmative defenses claiming that plaintiffs' damages have been proximately caused by the City's misuse, abuse, or substantial alteration of the sweeper.  Plaintiffs request summary judgment on these defenses, arguing there is no evidence that the City misused, abused, or substantially altered the sweeper.  A plaintiff seeking summary judgment on a defendant's affirmative defense must show that no genuine issue of material fact exists.  However, a plaintiff need not negate the other party's claim; instead, it may simply show an absence of evidence supporting the defense.  *Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1184–85 (D. Kan. 2003).  The nonmoving party must then point to specific facts creating a genuine issue for trial.

**A.  Partial Summary Judgment Against Defendants Key Equipment and Elgin**

Plaintiffs filed their motion for partial summary judgment on October 2, 2012.  The response deadline was October 23, 2012.  Both Key Equipment and Elgin failed to respond to plaintiffs' motion.  Under Local Rule 7.4(b), if a party fails to timely file a responsive brief, the court considers and decides the motion as uncontested.  The Local Rule also states that the court will grant the motion without further notice. D. Kan. Rule 7.4(b). In motions for summary judgment, "[a]ll material facts

set forth in the statement of the movant will be deemed admitted for the purposes of summary judgment unless specifically controverted by the statement of the opposing party." *Id*. at 56.1(a).

However, "[i]t is improper to grant a motion for summary judgment simply because it is unopposed." *Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR, 2012 WL 4359060, at *1 (D. Kan. Sept. 24, 2012) (internal quotation omitted). The court must determine whether the moving party has "sufficient basis for judgment as a matter of law." *Id*. (citing *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)).

All material facts set forth by plaintiffs are deemed admitted for the purposes of summary judgment against Key Equipment and Elgin, as these defendants did not specifically controvert them as required under Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.1(a). *Id*. at *2. Upon review of the material facts, the court determines that plaintiffs have met their burden to show the absence of a genuine issue of material fact.

Plaintiffs cite to evidence that the City's employee, Mr. Setzkorn, received training from Key Equipment regarding operation of the sweeper. The City also received instructions on the maintenance of the sweeper. Plaintiffs have shown that the City understood how to operate the sweeper and that Mr. Setzkorn (the only person who operated the sweeper) used it for its proper purpose and in accordance with Key Equipment's instructions. And plaintiffs point to evidence that Mr. Setzkorn did not substantially alter or modify any component of the sweeper.

Citing to portions of the Rule 30(b)(6) depositions of all three defendants, plaintiffs point out that no witness could provide support for defendants' contentions that the City misused, abused, or substantially altered the sweeper or did anything to cause the fire. Finally, plaintiffs put forth evidence that Key Equipment loaned a street sweeper to the City until the City could purchase a replacement, and that the City purchased a duplicate street sweeper, with the exception of the chassis.

Plaintiffs' evidence showed that the City's replacement contained an International chassis, which has the same functionality of the old Freightliner/Daimler chassis. Plaintiffs thus put forth evidence that the replacement sweeper was, except for the chassis, identical to the sweeper lost in the fire.

Based on these facts, plaintiffs have shown an absence of evidence that the City misused, abused, or substantially altered the sweeper, or that it failed to mitigate its damages. Accordingly, plaintiffs are entitled to judgment as a matter of law and partial summary judgment is appropriate against defendants Key Equipment and Elgin on this affirmative defense.

### B. Partial Summary Judgment Against Defendant Daimler

Defendant Daimler did respond to plaintiffs' motion for partial summary judgment. Daimler attempts to show a genuine issue of material fact regarding abuse, misuse, or substantial modification of the sweeper by the City by citing to evidence that the fire was a result of modifications made by Elgin, including alleged faulty installation of the centerboard. Instead of citing to evidence of any actual misuse or abuse by the City, Daimler instead cites to deposition evidence detailing two different ways that the City's operator *could have* misused or abused the centerboard. For instance, Daimler cites to evidence that the centerboard must be raised up off the surface of the street when the sweeper is not cleaning streets, and that the operator must ensure the centerboard does not make contact with the road or other obstructions that may cause the centerboard to bounce and cause friction.

Daimler also argues—without citing any evidence—that the existence of chaffing of the battery cable and transmission fuel lines "is direct evidence in and of itself of abuse and misuse of Damiler's chassis." (Doc. 100 at 7.) Similarly, Daimler points to "circumstantial evidence of misuse in that the chaffing of fuel lines could have also resulted from [the City] failing to raise the centerboard by use of the chains." (*Id.*) Yet, Daimler points to no evidence of *actual* misuse by the City.

In response, plaintiffs cite to deposition testimony of Daimler's corporate witness, Mr. Flammersfeld, who testified that he was unaware of anything the City did that may have caused the fire. Instead, the testimony of Daimler's corporate witness and expert witness centers on their concern with Elgin's alleged improper installation of the centerboard. Accordingly, defendant Daimler has failed to show a genuine issue of material fact exists on its affirmative defense relating to alleged abuse, misuse, or substantial alteration of the sweeper by the City. Plaintiffs are entitled to partial summary judgment as a matter of law against defendant Daimler on this defense.

**IT IS THEREFORE ORDERED** that Defendant Elgin's Motion for Summary Judgment (Doc. 77) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Partial Motion for Summary Judgment (Doc. 96) is granted.

Dated this 13th day of February 2013, at Kansas City, Kansas.

**\_\_s/ Carlos Murguia_____**
**CARLOS MURGUIA**
**United States District Judge**